## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| **ROSA M. PIETRI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO.** <u>6:13-cv-01879-GAP-TBS</u> |
| | ) |
| **JDRPUNKT, INC. d/b/a DR THERAPY** | ) |
| **SERVICES,  A Florida corporation,** | ) |
| **JOSE A. RIVERA, in his individual capacity, &** | ) |
| **DALIS RIVERA, in her individual capacity,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY,
### MOTION FOR SANCTIONS,
### MOTION TO EXTEND DISCOVERY &
### MOTION FOR ATTORNEY'S FEES & COSTS

**COMES NOW**, Plaintiff, ROSA M. PIETRI, through undersigned counsel and submits this Motion to Compel Defendant, JDRPUNKT, Inc., Jose Rivera, and Dalis Rivera to produce complete responses to Plaintiff's June 19, 2014, First Set of Interrogatories and Requests for Documents within five (5) days of the Court's Order granting this Motion.

### I.    PROCEDURAL HISTORY & CERTIFICATE OF CONFERENCE:

1.    The discovery deadline is September 2, 2014.

2.    On June 16, 2014, Plaintiff served Interrogatories, Requests for Documents, and Requests for Admissions on Defendants.

3.    Defendants' Answers were due July 21, 2014.

4.    On July 21, 2014, Defendants requested and Plaintiff granted them an extension of time to answer discovery through July 30, 2014.

5.    On July 30, 2014, Defendants submitted incomplete answers to Plaintiff's written discovery requests.

6.    On August 7, 2014, undersigned counsel conferred in good faith with Defendants' counsel, Luis Gonzalez, over the telephone regarding Defendants' answers.

7.    Undersigned counsel also sent Mr. Gonzalez in good faith an e-mail memorializing their discussion after they discussed Defendants' incomplete discovery answers. **See** Attachment No. 1.

8.    Mr. Gonzalez told undersigned counsel during their August 7th discussion that Defendants would supplement their discovery answers by August 12, 2014.

9.    On August 12, 2014, undersigned counsel and his Paralegal, Beau Rene, called Mr. Gonzalez to inquire about the status of Defendants' discovery answers.

10.    Mr. Gonzalez said they would be provided by close of business August 13, 2014.

11.    To date, Defendants have not supplemented their discovery answers.

12.    **Pursuant to Middle District Local Rule 3.01(g), undersigned counsel hereby certifies that he conferred by telephone and in writing via e-mail with Defendants' counsel, Mr. Gonzalez, multiple times in good faith and has given them ample extensions of time prior to filing this Motion in order to resolve the issues listed**

**herein; however, Defendants have not acted in good faith and this Motion to Compel is warranted.**

## II.   **PLAINTIFF'S MOTION TO COMPEL DISCOVERY:**

Plaintiff respectfully requests that the Court Order Defendants to adequately and completely respond to the deficient responses to Plaintiff's First Set of Interrogatories Numbers 6, 10, and 16 and Requests for Documents Numbers 22 and 23.

Plaintiff's Interrogatory No. 6: "Are Defendants claiming that Plaintiff was an independent contractor?  If yes, then state all facts supporting Defendants' claim that Plaintiff was an independent contractor."

Defendants' Answer to Interrogatory No. 6: "See Response to Interrogatory number 25, which is incorporated by reference herein."

Motion to Compel Answer to Interrogatory No. 6: Plaintiff served Defendants with sixteen (16) Interrogatories.  Twenty-five (25) Interrogatories were not issued to Defendants.  In addition, none of the Answers to the other Interrogatories are responsive to Interrogatory No. 6. Defendants' First Answer to Paragraph 9 of the Complaint admitted that Plaintiff was **not** an independent contractor and, in fact, was an employee.  However, in response to the identical Paragraph 9 to the Amended Complaint, Defendants denied Plaintiff was an employee and claimed she was an independent contractor.  Aside from the fact that Plaintiff considers this a fraud on the Court, we need an answer to Interrogatory No. 6 and Defendants are not providing it.  Therefore, this Motion to Compel is warranted.

- 3 -

Plaintiff's Interrogatory No. 10: "Identify all of Defendants' employees in 2013 by name, title, address and telephone numbers."

Defendants' Interrogatory No. 10: "Objected to on the grounds that the information requested is confidential in nature and requires providing confidential and sensitive information belonging to the Defendants' employees. These individuals are not parties to this action nor have they authorized the disclosure of their personal information to third parties."

Motion to Compel Answer to Interrogatory No. 10: There are several problems with Defendants' Answer to Interrogatory No. 10. First, Mr. Gonzalez informed undersigned counsel over the phone on August 7, 2014, that Defendants had no employees—only independent contractors. Therefore, the Answer as written is either false or evasive because it creates the false impression that Defendants employ employees. It certainly is not responsive. Second, who a company's employees are is not confidential in nature. Federal Rule of Civil Procedure 26(b)(1) specifically states that discovery is designed to obtain documents and "**the identity and location of persons who know of any discoverable matter.**" This is precisely why Plaintiff asked Defendants to identify their employees by name, title, address and phone number. Defendants are withholding the identities of people who may have knowledge of whether a true independent contractor relationship existed, whether Defendants were committing fraud by misclassifying Plaintiff and their entire workforce which goes to prove Count III of the Amended Complaint under the Florida's Deceptive and Unfair Trade Practices Act, Florida Statutes, Sec. 501.211, and whether Defendants were misclassifying other workers like Plaintiff as independent contractors in violation of 26 U.S.C. Sec. 7434. Clearly, we need

- 4 -

an answer to Interrogatory No. 10 and Defendants are not providing it. Therefore, this Motion to Compel is warranted.

Plaintiff's Interrogatory No. 16: "Have you obtained any written or recorded sworn or unsworn witness documents, statements, reports, affidavits, declarations, and/or letters relating to the claims made in this case?  If so, identify the person making the witness document, statement, report, affidavit, declaration, and/or letter and the substance of each witness document, statement, report, affidavit, declaration, or letter."

Defendants' Interrogatory No. 16: "All documents within our custody and control may be deemed responsive to this request will be made available for inspection in response to request for production of documents.   Notwithstanding, as anticipated the discovery process will produce additional documents which may be deemed responsive to this request. If this were to occur, we will proceed to produce the documents in response to this discovery.

Motion to Compel Answer to Interrogatory No. 16: Defendants' Answer is evasive. And, to date, Plaintiff has not received a reply or a summary of the documents requested. Plaintiff needs an answer to Interrogatory No. 16 and Defendants are not providing it. Therefore, this Motion to Compel is warranted.

Plaintiff's Document Request No. 22: "All UTC-6 records for 2013."

Defendants' Response to Document Request No. 22: "Objected to on the grounds that the information requested falls beyond the scope of discovery and contains personal information

- 5 -

on employees that are not parties to this action."

Motion to Compel Answer to Document Request No. 22: UTC-6 records are documents that every law-abiding business is required to submit on a quarterly basis to the State of Florida listing their employees for unemployment compensation purposes.  These records are relevant to show whether Defendants misclassified their entire workforce as independent contractors. Mr. Gonzalez informed undersigned counsel that these records do not exist because Defendants had no employees on the books.  If that is the case, then Defendants need to state that in response to Document Request No. 22.  They have not.  Nor have they produced these records based on alleged confidentiality.  The identities of Defendants' employees is not confidential.  If Defendants need to redact personal identifying information like social security numbers, they can do so.  Federal Rule of Civil Procedure 26(b)(1) specifically states that discovery is designed to obtain "*any documents or other tangible things and the identity and location of persons who know of any discoverable matter.*"  The records requested are relevant to whether Defendants were committing fraud by misclassifying Plaintiff and their entire workforce which goes to prove Count III of the Amended Complaint under the Florida's Deceptive and Unfair Trade Practices Act, Florida Statutes, Sec. 501.211 and whether Defendants were misclassifying other workers like Plaintiff as independent contractors in violation of 26 U.S.C. Sec. 7434.


Plaintiff's Document Request No. 23: "All 941 records for 2013."

Defendants' Response to Document Request No. 23: "Objected to on the grounds that the information requested is personal and confidential of third parties that are not parties to this

action and have not authorized the disclosure of said information."

Motion to Compel Answer to Document Request No. 23: 941 records are documents that every law-abiding business is required to submit on a quarterly basis to the Internal Revenue Service listing their employees for federal income tax purposes. These records are relevant to show whether Defendants misclassified their entire workforce as independent contractors. Mr. Gonzalez informed undersigned counsel that these records do not exist because Defendants had no employees on the books. If that is the case, then Defendants need to state that in response to Document Request No. 23. They have not. Nor have they produced these records based on alleged confidentiality. The identities of Defendants' employees is not confidential. If Defendants need to redact personal identifying information like social security numbers, they can do so. Federal Rule of Civil Procedure 26(b)(1) specifically states that discovery is designed to obtain "*any documents or other tangible things and the identity and location of persons who know of any discoverable matter.*" The records requested are relevant to whether Defendants were committing fraud by misclassifying Plaintiff and their entire workforce which goes to prove Count III of the Amended Complaint under the Florida's Deceptive and Unfair Trade Practices Act, Florida Statutes, Sec. 501.211 and whether Defendants were misclassifying other workers like Plaintiff as independent contractors in violation of 26 U.S.C. Sec. 7434.

## III.   **MOTION FOR SANCTIONS:**

Tomorrow morning starting at 10:00 a.m., Plaintiff is taking the depositions of Jose Rivera, Dalis Rivera, and Ivette Torres (Defendants' Manager). The Answers to Interrogatories

and Requests for Documents at issue (which were due five (5) weeks ago and were promised by last week) will not be here for these depositions. This has prejudiced Plaintiff especially because discovery ends on September 2, 2014. Therefore, Plaintiff respectfully requests that the Court extend discovery for the limited purpose of her (1) re-deposing Jose Rivera, Dalis Rivera, and Ivette Torres after receipt of Defendants' complete discovery answers regarding those answers and (2) that Defendants be ordered to pay for the costs of tomorrow's deposition (including interpreter's fees) and the follow-up depositions after Plaintiff receives Defendants' complete answers to written discovery. Notably, these depositions were noticed on August 15, 2014, and it was not until today at 3:00 p.m. that Mr. Gonzalez first informed undersigned counsel that his witnesses allegedly needed a Certified Spanish Court Interpreter, thus, adding the costs of these depositions based on this last minute demand.

IV.    **MOTION FOR ATTORNEY'S FEES & COSTS:**

Pursuant to Federal Rule of Civil Procedure 37(a)(5), Plaintiff respectfully requests that the Court Order Defendants to pay Plaintiff reasonable attorney's fees and costs incurred drafting and filing this Motion to Compel Discovery.

Respectfully submitted this 27th day of August 2014,

s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No.: 426903
**Hogan & Hogan, P.A.**
906 E. Michigan Street
Orlando, Florida 32806
Phone: (407) 422-2188
Fax:   (407)
Primary e-mail: dperez@hoganlegal.com
Secondary e-mail: brene@hoganlegal.com
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using CM/ECF, this 27th day of August, 2014, which will send a copy of same to Defendants' counsel.

s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No.: 426903
**Hogan & Hogan, P.A.**
906 E. Michigan Street
Orlando, Florida 32806
Phone: (407) 422-2188
Fax:   (407)
Primary e-mail: dperez@hoganlegal.com
Secondary e-mail: brene@hoganlegal.com
**Attorney for Plaintiff**

## Dan A. Perez

| | |
|---|---|
| **From:** | Dan A. Perez [dperez@hoganlegal.com] |
| **Sent:** | Thursday, August 07, 2014 11:27 AM |
| **To:** | 'Dan A. Perez'; 'Luis A. Gonzalez, Esq.' |
| **Cc:** | 'Beauvais Rene Jr.' |
| **Subject:** | RE: Case No. 6:13-cv-1879-ORL-31TBS |
| **Importance:** | High |



Luis,

Per our conversation this morning, we conferred about the following:

1. We are not going to file a Motion to Quash your proposed subpoena. Kindly forward the production from Osceola County Department of Section 8 to us per Defendants' continuing obligation to timely supplement discovery.

2. We are not sure what tax document you are referring to that Rosa Pietri allegedly did not produce. A W-2 for 2013? She informed me that she produced all tax records in her possession. Please advise. I will contact her about same, again.

3. We reviewed Defendants' Answer to Interrogatory Number 6. The Answer says review Defendants' Answer to Interrogatory Number 25. We did not send an Interrogatory Number 25; therefore, there is no Answer to Interrogatory Number 25. Please supplement by close-of-business Tuesday, August 12, 2014.

4. We reviewed Defendants' Answer to Interrogatory Number 10. We asked Defendants to identify their 2013 employees by name, title, address, and telephone numbers. You objected that this information is confidential and sensitive. Federal Rule of Civil Procedure 26(b)(1) says the scope of discovery includes "the identity and location of persons who know of any discoverable matter." We need to know if Defendants were classifying anyone as their employees and what their titles were and compare that to Plaintiff's treatment. Furthermore, we don't believe there is anything confidential, sensitive or privileged about who Defendants' employees are. If there are none, please say so. Please supplement by close-of-business Tuesday, August 12, 2014.

5. We reviewed Defendants' Answer to Interrogatory Number 16 which asked if Defendants have obtained sworn or unsworn witness documents, statements, reports, affidavits, declarations, and/or letters. The Answer is evasive. Please supplement by close-of-business Tuesday, August 12, 2014.

6. We reviewed Defendants' Answer to Document Request Number 22 which asked for all UTC-6 records for 2013. You objected that this information is personal and involves third parties. You can redact their SSN and other personal identifying information. Also, Federal Rule of Civil Procedure 26(b)(1) says the scope of discovery includes "the identity and location of persons who know of any discoverable matter." We need to know if Defendants were classifying anyone as their employees and what their titles were and compare that to Plaintiff's treatment. Furthermore, we don't believe there is anything confidential, sensitive or privileged about who Defendants' employees are. If there are none, please say so. We also need to know if Defendants were reporting Plaintiff and other similarly situated employees on the UTC-6. Please supplement by close-of-business Tuesday, August 12, 2014.

7. We reviewed Defendants' Answer to Document Request Number 23 which asked for all 941 records for 2013. You objected that this information is personal and involves third parties. You can redact their SSN and other personal identifying information. Also, Federal Rule of Civil Procedure 26(b)(1) says the scope of discovery includes "the identity and location of persons who know of any discoverable matter." We need to know if

Defendants were classifying anyone as their employees and what their titles were and compare that to Plaintiff's treatment. Furthermore, we don't believe there is anything confidential, sensitive or privileged about who Defendants' employees are. If there are none, please say so. We also need to know if Defendants were reporting Plaintiff and other similarly situated employees on the 941. Please supplement by close-of-business Tuesday, August 12, 2014.

8. I would like to take Jose Rivera, Dalis Rivera , and Ivette Torres in one day on August 27th or August 28th. Please advise. Discovery ends on September 2nd. Will you produce them without us issuing subpoenas?

Thanks,

Daniel A. Perez, Esq.
Manager, Employment Law Department
Hogan & Hogan, P.A.
906 East Michigan Street
Orlando, FL 32806
(407) 422-2188 Telephone
(407) 422-3291 Facsimile
dperez@hoganlegal.com
www.hoganlegal.com

PRIVILEGED AND CONFIDENTIAL COMMUNICATION

This electronic transmission, and any documents attached hereto, may contain confidential and/or legally privileged information. The information is intended only for use by the recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of information received in error is strictly prohibited.

---

**From:** Dan A. Perez [mailto:dperez@hoganlegal.com]
**Sent:** Monday, August 04, 2014 4:10 PM
**To:** 'Luis A. Gonzalez, Esq.'
**Subject:** RE: Case No. 6:13-cv-1879-ORL-31TBS

We are filing our timely objections on Wednesday. I want to make sure you're not serving the subpoena until the court rules which as you are aware is abuse of process which is a tort.

Daniel A. Perez, Esq.
Manager, Employment Law Department
Hogan & Hogan, P.A.
906 East Michigan Street
Orlando, FL 32806
(407) 422-2188 Telephone
(407) 422-3291 Facsimile
dperez@hoganlegal.com
www.hoganlegal.com

PRIVILEGED AND CONFIDENTIAL COMMUNICATION

This electronic transmission, and any documents attached hereto, may contain confidential and/or legally privileged information. The information is intended only for use by the recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of information received in error is strictly prohibited.