UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSA M. PIETRI,

    Plaintiff,

v.                                      Case No.  6:13-cv-1879-Orl-31TBS

JDRPUNKT, INC., d/b/a DR THERAPY
SERVICES, JOSE A. RIVERA, and DALIS
RIVERA,

    Defendants.
_____/

## ORDER

This case comes before the Court without oral argument on Plaintiff's Motion to Compel Discovery, Motion for Sanctions, Motion to Extend Discovery & Motion for Attorney's Fees & Costs.  (Doc. 32).  The motion is due to be granted in part and denied in part.

Plaintiff's amended complaint alleges, inter alia, violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., and the willful filing of fraudulent information returns in violation of 26 U.S.C. § 7434.  (Doc. 27, ¶¶ 44-46, 58-65).  Paragraph 9 of the amended complaint alleges "Plaintiff was not Defendants' independent contractor; Plaintiff was an employee as defined by the FLSA."  (Doc. 27).  Defendants denied this averment and affirmatively alleged that Plaintiff was an independent contractor.  (Doc. 29, ¶ 9, pp. 5-7).

On June 16, 2014, Plaintiff served interrogatories and requests for production on Defendants.  (Doc. 32, ¶ 2).  Defendants requested, and were granted, additional time within to answer this discovery.  (Id., ¶ 4).  When Defendants did provide their

answers, they were incomplete and included some objections. (Id., ¶¶ 5-8). Counsel conferred and Defendants agreed to supplement their responses to the interrogatories and requests for production. (Id., ¶¶ 5-8). When the supplemental responses were not forthcoming, counsel for Plaintiff inquired and was told Defendants would provide the additional responses by the close of business on August 13, 2014. (Id., ¶¶ 9-10). Defendants did not supplement their responses and Plaintiff filed the pending motion.

Plaintiffs' motion seeks to compel responses to three interrogatories and two requests for production. Interrogatory No. 6 asks whether Defendants are "claiming that Plaintiff was an independent contractor," and, if yes, asks Defendants to "state all the facts supporting Defendants' claim that Plaintiff was an independent contractor." (Doc. 32, p. 3). Defendants response directs Plaintiff to "[s]ee response to Interrogatory No. 25," which doesn't exist because Plaintiff served Defendants with only 16 interrogatories. (Id.). Defendants assert that the reference to Interrogatory No. 25 was "a typographical error" and that Plaintiff's counsel was "well aware" that Defendants meant to refer to the response to Interrogatory No. 4, which states, "As stated in the response to Interrogatory No. 3, the decision to classify Ms. Pietri as an Independent Contractor, was her own and in accordance with her specific request." (Doc. 33, p. 2). Defendants add–seemingly oblivious to the fact that the discovery deadline has passed–that "[w]hether Plaintiff was an Independent Contractor will depend on what the discovery process will reveal." (Id.) Defendants also argue that Plaintiff's questions were answered, to the extent possible, when Defendants were deposed on August 28, 2014. (Id., p. 3).

-2-

Plaintiff's Interrogatory No. 16 asks whether Defendants have "obtained any written or recorded ... documents, statements, reports, affidavits, declarations, and/or letters relating to" the case.  (Doc. 32, p. 5).  Defendants response states, in relevant part, that "[a]ll documents within our custody and control may be deemed responsive to this request will be made available for inspection in response to request for production of documents."  (Id.).  Plaintiff argues that this answer is "evasive" and adds that "to date, Plaintiff has not received a reply or a summary of the documents requested."  (Id.).  Defendants argue that DR Therapy has produced all of its documents to Plaintiff (it abandoned prior objections).  (Doc. 33, pp. 1, 4).  Defendants also assert that one of the documents they produced was a statement signed by Plaintiff that she never worked more than 40 hours per week.  (Id., p. 4).  Defendants argue that this statement "alone defeats Plaintiff's claim," and that therefore they "do not need, nor do they possess any other statements relating to the claim.  (Id.).

Plaintiff's Interrogatory No. 10 asks Defendants to identify their employees "by name, title, address and telephone numbers."  (Doc. 32, p.4).  Plaintiff's Requests for Production of Documents Nos. 22 and 23 request Defendants' UTC-6 records and 941 records for 2013.  (Id., pp. 4, 6–7).  Defendants objected to these requests on the grounds that they seek confidential and sensitive information belonging to Defendants' employees, who are not parties to the action.  (Id.)  Plaintiff argues that this information is not confidential, and that the requests are designed to uncover "'the identity and location of persons who know of ... discoverable matter.'"  (Id., pp. 4, 6, 7

(quoting Fed. R. Civ. P. 26(b)(1))). Plaintiff notes that Defendants' attorney informed them over the phone on August 7, 2014 that Defendants had no employees. (Id.). Plaintiff argues that this fact renders Defendants' response to Interrogatory No. 10 and Document Requests 22 and 23 "either false or evasive because it creates the false impression that Defendants employ employees." (Id., p. 4). Defendants state that, after Defendants provided their original answers, counsel "discovered that [in] 2013, DR Therapy Service, Inc., did not have employees," and informed Plaintiff's counsel of that fact. (Doc. 33, p. 3). Defendants argue that Plaintiff's request for UTC-6 and 941 records for the year 2013 should be denied because those records do not exist. (Id., pp. 4-5). The Court is left to speculate about why counsel only discovered his clients had no employees after the original responses were served on Plaintiff.

Under Rule 33(b)(2) of the Federal Rules of Civil Procedure, a party must serve answers and objections within 30 days of being served with interrogatories. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). Any objections to an interrogatory must be "stated with specificity." FED. R. CIV. P. 33(b)(4). If an answer to an interrogatory may be ascertained by examining a party's business records, and if the burden of ascertaining the answer will be substantially the same for either party, a responding party may elect to respond by permitting an examination of its business records. FED. R. CIV. P. 33(d). To do so, the party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and

-4-

identify them as readily as the responding party could," and "giv[e] the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Id.

Rule 34 of the Federal Rules of Civil Procedure governs requests for production of documents. A party who receives a request for production of documents must, for each item or category of documents requested, "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B).

When a party fails to answer an interrogatory, or gives an improper or incomplete response, or fails to comply with a request to produce, the opponent can move for an order compelling the discovery. FED. R. CIV. P. 37(a)(3)(B)(iii), (iv), (d)(1)(A). If it grants the motion, the Court may direct the party to respond or impose other sanctions as set forth in Rule 37(b)(2)(A). FED. R. CIV. P. 37(a)(3)(B)(iii), (iv), (d)(3).

Defendants' responses to the interrogatories and requests for production of documents fall short of what Rules 33 and 34 require. Defendants' response to Interrogatory No. 6, which merely incorporates by reference an nonexistent answer to a nonexistent interrogatory, is no response at all. Likewise, the response to Interrogatory No. 10 is non-responsive. If Defendants wished to produce business records in response to this interrogatory, they needed to identify the pertinent records with greater specificity. See Pulsecard, Inc. v. Discover Card Services, Inc., 168 F.R.D. 295, 305 (D. Kan. 1996) ("Under the guise of Fed.R.Civ.P. 33(d) defendants

may not simply refer generically to past or future production of documents.  They must identify in their answers to interrogatories specifically which documents contain the answer.").  Finally, Defendants' objections to Interrogatory No. 16 and the requests for production of documents are without merit and Defendants do not argue otherwise.

Defendants argument is, in essence, that even though their responses were untimely, and not in the form required by Federal Rules of Civil Procedure 33 and 34, they should be excused because ultimately, Plaintiff got the information she was seeking.  It is far from clear that this is true.  Defendants' response suggests that discovery may uncover further facts supporting Defendants' position that Plaintiff was an independent contractor.  (Doc. 33, p. 2).  But the response does not suggest what these facts might be, even though discovery is over.  Even if Defendants have provided Plaintiff with information in discovery sufficient to answer the interrogatories and fully respond to the requests for production, that does not excuse their failure to comply with Rules 33 and 34.  Therefore, the motion to compel is GRANTED.  Defendants shall answer in full Plaintiff's interrogatories numbered 6, 10 and 16 and provide a complete written response to Plaintiff's requests for production numbered 22 and 23 within 7 days from the rendition of this Order.

The party that prevails on a motion to compel discovery is entitled to recover its expenses, including reasonable attorney's fees except when: (1) the motion to compel was filed before the movant attempted in good faith to get the discovery without court action; (2) the losing party's position was substantially justified; or (3) other circumstances make an award unjust.  FED. R. CIV. P. 37(a)(5)(A).  None of the

-6-

exceptions apply.  Accordingly, Plaintiff's motion for sanctions is GRANTED. Defendants are liable to Plaintiff for her reasonable expenses, including attorney's fees, incurred in connection with the motion to compel.  Plaintiff has 14 days from the rendition of this Order within to file her application for expenses and Defendants shall have 14 days to respond.

Finally, Plaintiff seeks an enlargement of the discovery period so that she can re-depose Jose Rivera, Dalis Rivera, and Ivette Torres.  She is also asking the Court to order Defendants to pay the costs of the depositions already taken and the costs necessary to re-depose the witnesses.  The motion, which was filed before the depositions were taken, is DENIED because it is premature.

DONE AND ORDERED in Orlando, Florida, on September 15, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

-7-